1
2
3
4
5

Lara R. Shapiro (SBN 227194)
4344 Promenade Way, Unit 207
Marina del Rey, CA 90292
Telephone: (310) 577-0870
Facsimile: (424) 228-5351
Shapiro.lara@gmail.com

6
7

Attorney for Plaintiff, CSDS Asset
Management LLC

8

9          UNITED STATES DISTRICT COURT

10         CENTRAL DISTRICT OF CALIFORNIA

11

12   **CSDS ASSET MANAGEMENT**        CASE NO.
     **LLC**
13
                                       **COMPLAINT FOR DAMAGES**
14        Plaintiff,                     1. **CONVERSION**
                                         2. **CONSTRUCTIVE TRUST**
15
16   v.
17                                       **DEMAND FOR JURY TRIAL**
     **CHINA SOUTHERN AIRLINES**
18   **COMPANY LIMITED;**
     **GUANGZHOU AIRCRAFT**
19   **MAINTENANCE**
     **ENGINEERING COMPANY**
20   **LIMITED; and Does 1-100**
21        Defendants**.**
22
23
24
25
26
27
28

                                                    COMPLAINT

For this Complaint, the Plaintiff, CSDS ASSET MANAGEMENT LLC

("CSDS"), by undersigned counsel, states as follows:

**PARTIES**

1.      The Plaintiff, CSDS ASSET MANAGEMENT LLC (hereafter

"CSDS" or "Plaintiff"), is a Delaware corporation duly authorized to conduct

business in California and with its principal place of business in the County of Los

Angeles, State of California.

2.      The Defendant, CHINA SOUTHERN AIRLINES COMPANY

LIMITED (hereafter "CHINA SOUTHERN"), is a foreign company with a

registered address of Unit 301, 3/F, Office Tower Guanhao Science Park Phase I,

12 Yuyan Street, Huangpu District, Guangzhou Guangdong Province, PRC,

organized and existing under the laws of China and doing business as an

international airline company conducting business in the United States and in the

State of California. Plaintiff is informed and believes and thereon alleges that

CHINA SOUTHERN was, and is, engaged in commercial airline flights and in

buying and selling commercial aircraft throughout Asia and America. At all times

material hereto, CHINA SOUTHERN was the parent corporation (50%) of

GUANGZHOU AIRCRAFT MAINTENANCE ENGINEERING COMPANY

LIMITED.

3.      The Defendant, GUANGZHOU AIRCRAFT MAINTENANCE

ENGINEERING COMPANY LIMITED (hereafter "GAMECO") is an Aircraft

Maintenance Company (and is itself a joint venture 50% owned by CHINA SOUTHERN) that specializes in aircraft and airborne component maintenance, repair and overhaul. GAMECO address is Guangzhou Baiyun International Airport, Guangzhou, Guangdong, China.

4.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1-100 (the "Doe Defendants"), inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the DOE defendants are individuals employed by CHINA SOUTHERN and/or GAMECO and who are in some manner responsible for the events herein referred, and thereby proximately caused the injuries and damages alleged.

5.    At all times material hereto, the defendants, and each of them, were agents, servants, or employees of each defendant named herein, and at all times mentioned herein, each said defendant was acting within the course of and scope of said agency, authority, service or employment.

## JURISDICTION

6.    This action arises out of CHINA SOUTHERN and GAMECO conversion and wrongful detention of an Aircraft, one Boeing 767-300 aircraft bearing manufacturer's serial number 28264 (the "AIRCRAFT"), whereby GAMECO has asserted falsely an ownership interest or lien on the AIRCRAFT

which is wholly owned by CSDS, and is wrongfully detaining that AIRCRAFT by preventing CSDS from moving the AIRCRAFT from the GAMECO facility.

7.      Diversity jurisdiction exists pursuant to 28 U.S.C. §§1332 (a)(2) and (c)(1) because Plaintiff is a corporation incorporated in the United States with its principal place of business in the State of California, and Defendants are business entities of China with their principal places of business in China. Diversity jurisdiction is proper under 28 U.S.C. §1332 (b), in that the amount in controversy is more than $75,000.00

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the AIRCRAFT owned by CSDS, CSDS has its principal office in the County of Los Angeles, California, CSDS purchased the AIRCRAFT by transferring the purchase price from Los Angeles, CA to the prior owner ALC UK Aircraft Limited, a wholly owned subsidiary of Air Lease Corporation, (hereafter "ALC"), the AIRCRAFT is currently U.S. registered.

**FACTUAL SUMMARY**

9.      This case is about the conversion/theft of the AIRCRAFT committed against CSDS by CHINA SOUTHERN and GAMECO, by wrongfully retaining the AIRCRAFT purchased by CSDS from ALC on or about April 21, 2022. CSDS obtained good and clear title to the AIRCRAFT from ALC, and thereafter registered the AIRCRAFT in the U.S. with the FAA.

10.     The AIRCRAFT did not have any liens. The AIRCRAFT had previously been leased to Orient Thai Airlines by ALC.  Orient Thai Airlines contracted with GAMECO to perform maintenance on the AIRCRAFT while it was in their possession. ALC was not a party to the contract between GAMECO and Orient Thai Airlines. Orient Thai Airlines left the AIRCRAFT in the GAMECO MRO facility. ALC legally repossessed the AIRCRAFT from Orient Thai Airlines, obtaining a Return Certificate for the AIRCRAFT. Orient Thai Airlines has since ceased to exist. ALC thereafter sold the AIRCRAFT to CSDS.

11.     ALC did not have any contract with GAMECO. ALC owned the AIRCRAFT at all times while leased to Orient Thai Airlines Company Limited, until sold to CSDS. Currently CSDS owns the AIRCRAFT. After purchase of the AIRCRAFT, CSDS contacted GAMECO to retrieve the AIRCRAFT and pay any outstanding parking charges.

12.     GAMECO has refused to release the AIRCRAFT to CSDS, alleging it has some kind of lien as a result of a purported arbitration award in its favor against Orient Thai Airlines for unpaid parking and maintenance services. GAMECO has never produced the purported arbitration award against Orient Thai Airlines.

13.     GAMECO has no justification for retaining the AIRCRAFT and refusing to release it to CSDS.

14.     On information and belief, CHINA SOUTHERN and GAMECO colluded together to retain the AIRCRAFT, holding the AIRCRAFT at the

COMPLAINT

GAMECO facility and upon information and belief, for use in their fleet or for parts, without right or justification. CHINA SOUTHERN and GAMECO together wrongfully retained the AIRCRAFT for their own purposes and benefit and to the detriment and harm of CSDS, the legal owners of the AIRCRAFT.

**FACTS**

**(1) The Title and Ownership of the AIRCRAFT**

15.     CSDS and ALC (the "Parties") entered into an Aircraft Purchase Agreement (the "APA") dated April 21, 2022 for the AIRCRAFT. The AIRCRAFT had been repossessed by ALC from Orient Thai Airlines as a result of Orient Thai Airlines' breach of the lease agreement with ALC. However, at all times prior to the purchase of the AIRCRAFT by CSDS, ALC held title to the AIRCRAFT.

16.     The clear and free title to the AIRCRAFT was held exclusively by ALC without liens or encumbrances. Specifically, there was no lien on the AIRCRAFT by GAMECO for services or monies GAMECO claims it was owed by Orient Thai Airlines.

17.     After repossessing the AIRCRAFT from Orient Thai Airlines, ALC entered into a sales and purchase agreement with CSDS for the AIRCRAFT. The sales and purchase agreement was made for the AIRCRAFT in Los Angeles, California and the purchase price paid to ALC by funds sent from California.

18.     The AIRCRAFT is registered in the United States.

19.    The proper ownership documents were provided to GAMECO by CSDS, however GAMECO refuses to acknowledge the ownership by CSDS or the prior ownership by ALC, and instead claims it cannot discern the owner of the AIRCFRAFT and therefore refuses to release the AIRCRAFT to CSDS.

20.    The AIRCRAFT is held hostage by GAMECO and CHINA SOUTHERN at the GAMECO MRO facility in China.

**(2) GAMECO UNLAWFULLY RETAINS THE AIRCRAFT**

21.    In August of 2022, CSDS notified GAMECO of its ownership of the AIRCRAFT and requested the outstanding parking bills for payment and to remove the AIRCRAFT.  GAMECO refused, falsely asserting a lien over the AIRCRAFT and refusing to acknowledge the ownership of the AIRCRAFT by CSDS. GAMECO contends, falsely, that the AIRCRAFT was owned by Orient Thai Airlines Co., Ltd. However, Orient Thai Airlines Co., Ltd. never owned the AIRCRAFT but was the lessee of the AIRCRAFT and ALC the owner/lessor.

22.    GAMECO refuses to release the AIRCRAFT to CSDS on the basis of its false assertions of its inability to discern the proper ownership of the AIRCRAFT.

**FIRST CAUSE OF ACTION FOR CONVERSION**

23.    CSDS realleges every preceding paragraph as though set forth at length below.

24.    CSDS contacted GAMECO upon acquiring ownership of the

AIRCRAFT in order to pay any outstanding parking and move the AIRCRAFT out of China was soon as the AIRCRAFT was registered with F.A.A.

25.     GAMECO replied that it believed the owner of the AIRCRAFT was Orient Thai Airlines Co., Ltd. and requested additional information about the ownership of the AIRCRAFT, which was provided without change in GAMECO's position that it could not verify to its satisfaction the ownership of the AIRCRAFT.

26.     CSDS has shown GAMECO it is the rightful owner of the AIRCRAFT.

27.     CSDS is the rightful owner of the AIRCRAFT, and has the right to possession of the AIRCRAFT. GAMECO has the AIRCRAFT at its facility in China and refuses to release the AIRCRAFT, claiming a false lien or security interest in the AIRCRAFT, thereby exercising dominion and control over the AIRCRAFT and refusing to release it to CSDS.

28.     GAMECO has been using the AIRCRAFT for its own benefit and purposes, on information and belief, for keeping their jacks, for use as a testing for their maintenance procedures prior to performing the work on other aircraft, converting the AIRCRAFT to Cargo under a cargo conversion program with Boeing. These unauthorized uses of the AIRCRAFT have benefited GAMECO and harmed CSDS.

29.     GAMECO engages in this fraudulent business practices with the knowledge and ratification of its parent company CHINA SOUTHERN who, on information and belief, also benefits from this scheme by GAMECO.

**SECOND CAUSE OF ACTION FOR CONSTRUCTIVE TRUST**

30.    CSDS realleges every preceding paragraph as though set forth at length below.

31.    CSDS is the rightful owner of the AIRCRAFT. GAMECO and, on information and belief, CHINA SOUTHERN, have wrongfully detained the AIRCRAFT, by holding the AIRCRAFT after the expiration of any contract with Orient Thai Airlines and without any agreement of the actual owner of the AIRCRAFT, CSDS.

32.    GAMECO and CHINA SOUTHERN would be unjustly enriched if allowed to keep the AIRCRAFT as the AIRCRAFT is worth a substantial amount of money, much more than the $75,000 minimum jurisdiction of this Court. The AIRCRAFT is valuable both as a working AIRCRAFT which CHINA SOUTHERN could use in its fleet, or for parts for CHINA SOUTHERN fleet.

33.    CSDS seeks to recover its AIRCRAFT and is suffering financial harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, CSDS ASSET MANAGEMENT LLC requests relief as follows, and according to proof, against CHINA SOUTHERN AIRLINES COMPANY LIMITED; and GUANGZHOU AIRCRAFT MAINTENANCE ENGINEERING COMPANY LIMITED:

1. Return of the AIRCRAFT to CSDS;

2. Incidental damages in an amount according to proof;

3. Costs of suit; and

4. Such other relief as may be warranted or as is just and proper.

Dated: October 9, 2024            LARA SHAPIRO
                                  By: __/s/__Lara Shapiro_____
                                  Lara Shapiro,
                                  Attorney for Plaintiff CSDS ASSET
                                  MANAGEMENT LLC

COMPLAINT

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2

3

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

4

      PLEASE TAKE NOTICE that Plaintiff, CSDS ASSET MANAGEMENT

5

LLC demands a trial by jury pursuant to Federal Rules of Civil Procedure, Rule

6

38(b) and Local Rule 38-1.

7

8

9

Respectfully Submitted,

10

11

Dated: October 9, 2024        LARA SHAPIRO

12

13

                By: <u> /s/ *Lara Shapiro*      </u>

14

                   Lara Shapiro,

15

                   Attorney for Plaintiff, CSDS
                   ASSET MANAGEMENT LLC

16

17

18

19

20

21

22

23

24

25

26

27

28